E-filing        FILED        53 0 new

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name PEREZ        FERNANDO
    (Last)        (First)        (Initial)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number    # V-63964

Institutional Address   H.D.S.P. C-7 #129, P.O. Box 3030
Susanville, CA 96127

=================================================

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ JR.
(Enter the full name of plaintiff in this action.)

           vs.

D.L. RUNNELS    WARDEN

_____

_____

_____

_____
(Enter the full name of respondent(s) or jailor in this action)

CV ) 08    3426 CW

Case No. _____
(To be provided by the clerk of court)

PETITION FOR A WRIT (PR)
OF HABEAS CORPUS

=================================================

### Read Comments Carefully Before Filling In

__When and Where to File__

      You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

      If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    <u>Who to Name as Respondent</u>

2    　　　　You must name the person in whose actual custody you are.  This usually means the Warden or

3    jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5    respondents.

6    　　　　If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10    A.  <u>INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11    　　　　1.  What sentence are you challenging in this petition? 39 TO LIFE  * 2 CONSECUTIVE LIFE TERMS FOR ONE ATT. MURDER.

12    　　　　　　(a)　　Name and location of court that imposed sentence (for example; Alameda

13    　　　　　　County Superior Court, Oakland):

14    MONTEREY COUNTY SUPERIOR COURT　　　SALINAS

15    　　　　　　Court　　　　　　　　　　　　　　Location

16    　　　　　　(b)　　Case number, if known  SS032339

17    　　　　　　(c)　　Date and terms of sentence  NOV 5, 2004 / TOTAL OF 39 TO LIFE
2 CONSECUTIVE LIFE TERMS FOR ONE ATTEMPTED MURDER.

18    　　　　　　(d)　　Are you now in custody serving this term?  (Custody means being in jail, on

19    　　　　　　parole or probation, etc.)　　　　Yes ✓　　　　No _____

20    　　　　　　Where? SUSANVILLE, CA 96127

21    　　　　　　Name of Institution: HIGH DESERT STATE PRISON C-7 #129

22    　　　　　　Address: P.O. BOX 3030, SUSANVILLE, CA 96127

23    　　　　2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    (§§ 664/187)

27    (§ 246), (§§ 12022.5, SUBD. (a), 12022.53, SUBDS. (b),(c), & (d)).

28    (§§ 667, SUBDS. (b)-(i), 1170.12).

3. Did you have any of the following?

Arraignment:  Yes __✓__   No _____

Preliminary Hearing:  Yes __✓__   No _____

Motion to Suppress:  Yes _____   No __✓__

4. How did you plead?

Guilty _____   Not Guilty __✓__   Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __✓__   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial?   Yes _____   No __✓__

7. Did you have an attorney at the following proceedings:

(a)  Arraignment   Yes _____   No __✓__

(b)  Preliminary hearing   Yes __✓__   No _____

(c)  Time of plea   Yes __✓__   No _____

(d)  Trial   Yes __✓__   No _____

(e)  Sentencing   Yes __✓__   No _____

(f)  Appeal   Yes __✓__   No _____

(g)  Other post-conviction proceeding   Yes _____   No __✓__

8. Did you appeal your conviction?   Yes __✓__   No _____

(a)  If you did, to what court(s) did you appeal?

Court of Appeal SIXTH DISTRICT   Yes __✓__   No _____

Year: 2004   Result: JUDGMENT AFFIRMED _____

Supreme Court of California   Yes __✓__   No _____

Year: 2005   Result: PETITION FOR REVIEW DENIED _____

Any other court   Yes _____   No __✓__

Year: _____   Result: _____

(b)  If you appealed, were the grounds the same as those that you are raising in this

petition?                                    Yes _____     No ✓

(c)   Was there an opinion?                  Yes _____     No ✓

(d)   Did you seek permission to file a late appeal under Rule 31(a)? (PREMATURE)

                                             Yes _____     No ✓

If you did, give the name of the court and the result:

PREMATURE APPEAL FILED SEP 13, 2004, ACCEPTED BY
COURT OF APPEAL, SIXTH APPELLANT DISTRICT.

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

this conviction in any court, state or federal?          Yes ✓      No _____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that

challenged the same conviction you are challenging now and if that petition was denied or dismissed

with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

for an order authorizing the district court to consider this petition. You may not file a second or

subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

U.S.C. §§ 2244(b).]

(a)   If you sought relief in any proceeding other than an appeal, answer the following

      questions for each proceeding. Attach extra paper if you need more space.

      I.    Name of Court: MONTEREY COUNTY SUPERIOR COURT (SALINAS)

            Type of Proceeding: WRIT OF HABEAS CORPUS

            Grounds raised (Be brief but specific):

            a. FALSE EVIDENCE USED TO CONVICT

            b. THE COURT IMPROPERLY REFUSED TO EXCUSE A JUROR (VOIR DIRE)

            c. PETITIONERS COUNSEL WAS INEFFECTIVE (DELIBERATIONS)

            d. PREMATURE APPEAL FORECLOSED.

            Result: PETITION DENIED      Date of Result: OCT 06, 2006

      II.   Name of Court: SIXTH APPELLATE DISTRICT

            Type of Proceeding: WRIT OF HABEAS CORPUS

            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1   a. FALSE EVIDENCE USED TO CONVICT

2   b.THE COURT IMPROPERLY REFUSED TO EXCUSE A JUROR (VOIR DIRE)

3   c.PETITIONER'S COUNSEL WAS INEFFECTIVE (DELIBERATIONS)

4   d. PREMATURE APPEAL BREACHED

5   Result: PETITION DENIED          Date of Result: DEC 8, 2006

6   III.   Name of Court: SUPREME COURT STATE OF CALIFORNIA

7   Type of Proceeding: WRIT OF HABEAS CORPUS

8   Grounds raised (Be brief but specific):

9   a. FALSE EVIDENCE USED TO CONVICT

10  b. THE COURT IMPROPERLY REFUSED TO EXCUSE JUROR (VOIR-DIRE)

11  c.PETITIONER'S COUNSEL WAS INEFFECTIVE (DELIBERATIONS)

12  d.PREMATURE APPEAL BREACHED

13  Result: PETITION DENIED          Date of Result: JUN 27, 2007

14  IV.   Name of Court: _____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a._____

18  b._____

19  c._____

20  d._____

21  Result: _____ Date of Result:_____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                        Yes _____   No ✓

24  Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

GROUNDS FOR RELIEF

- **Claim One: False Evidence Used to Convict**

  Supporting Facts: Two 9mm casings were planted in bad faith and later collected at the crime scene July 20, 2003 by Deputy Reyes Jesus #R6689 and admitted w/trial court as People's Exhibit #4/#5 mislead jury to convict is false evidence. In addition on July 20, 2003 investigating Deputy Shaheen Jorgensen also known as Deangelo wrote on her police report, that while at the hospital a Dr. Scheer explained to her that the bullet that had penetrated victims neck had entered from the left side richocheted off the vertebra in his neck and exiting "right" side of neck. However in the medical record Dr. Scheer stated that their is a entrance wound at posterior aspect of victims neck and exit wound on the "left" side of neck which undermines the entire conviction and Deputy Jorgensen committing perjury on her police report and during preliminary hearing under oath on Sept. 12, 2003 is erroneous ballistic testimony (State V. Mordenti). Refer to Exhibit A pg's 1-5. Petitioner is guilty of a lesser crime than sentence based on, and conviction was obtained because of a procedure violation which denied Petitioner his due process" rights under U.S. Constitution.

- **Claim Two: The Court Improperly Refused To Excuse A Juror During Voir-Dire**

  Supporting Facts: On 8-23-04 during Voir-Dire Juror #9 Laureta Shaver indicated to trial court of having impaired hearing which the trial court refused to acknowledge and excuse her from serving on jury panel supported by court Exhibit #1, refer to Exhibit B pg's 1-2. Petitioners conviction obtained by this procedure violation which denied his "due process" rights under the U.S. Constitution. and was prejudicial.

- **Claim Three: Petitioner's Counsel Was Ineffective During Trial Deliberations**

  Supporting Facts: On 8-24-04 during deliberations trial attorney Fred Herro failed to inform Petitioner of a note submitted to the trial court by the jury panel requesting transcript testimony of a witness Selena Amaya, which there was difficulties hearing during trial proceedings and trial attorney Fred Herro was only notified telephonically by the trial court, refer to Exhibit C pg's 1-2. Petitioner's case was "Prejudicial".

- **Claim Four: Premature Appeal Breached**

  Supporting Facts: On 9-9-04 Petitioner filed a premature appeal immidiately after his conviction 8-24-04, which was accepted by the Sixth Appellate District 9-13-04, allowing a citation opinion (People V. Woods 119 Cal. App. 4th 1117 (2004) to be active in Petitioner's favor before later being ordered depublished by the State Supreme Court Sept. 22, 2004. Refer to Exhibit D pg's 1-4. Petitioner's "Due Process" rights were violated. And his case was "Prejudicial"


  All these grounds were presented to State Courts.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases: MILLER V. PATE 386 U.S. 1 (1967), STATE V. MORDENTI, U.S. V. MARTINEZ—SALAZAR 528 U.S. 304 (2000), MASSARO V. U.S. 538 U.S. 500 (2003), STRICKLAND V. WASHINGTON 466 U.S. 668 (1984) BRADY V. MARYLAND 373 U.S. 83 (1963)

Do you have an attorney for this petition?                Yes_____    No_X_

If you do, give the name and address of your attorney:

PRO PER

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __6.25.08__                          ___F. Perez___

          Date                                    Signature of Petitioner

(Rev 6/02)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ Jr.,  )
              Plaintiff,  )
                    )
                    )
          VS.         )
                    )
                    )
D.L. RUNNELS  WARDEN  )
              Jailor,  )
                    )
_____ )

Case No._____

[Sup. Court #S149775]

**PETITION FOR A WRIT
OF HABEAS CORPUS**

Fernando A. Perez Jr., (Pris. #V-63964)
H.D.S.P. C-7 #129
P.O. Box 3030
Susanville, CA 96127

Plaintiff as Pro-Per



EXHIBIT A Pg 9

| DATE AND TIME 07·20·03 1727 HRS | MONTEREY COUNTY SHERIFF'S DEPARTMENT | FILE NO. 07699-03 |
|---|---|---|

## RECEIPT FOR PROPERTY
(ORIGINAL AND 4 COPIES)

| NAME OF PERSON FROM WHOM PROPERTY IS OBTAINED ☐ OWNER ☒ OTHER | ADDRESS |
|---|---|

WHERE STORED    EVIDENCE LOCKER

PURPOSE FOR WHICH OBTAINED
EVIDENCE ☒    FOUND PROPERTY ☒    OTHER ☐    CRIME: 664/187 PC

| ITEM NO. | QUAN-TITY | DESCRIPTION OF ARTICLES (INCLUDE MODEL, SERIAL NO., IDENTIFYING MARKS, CONDITION, AND VALUE, WHEN APPROPRIATE) |
|---|---|---|
| 1 JR | 1 | BLOODIED GRY T-SHIRT |
| 2 JR | 1 | COPPER COLORED 9 MM SPENT CASING |
| 3 JR | 1 | COPPER COLORED 9 MM SPENT CASING |
| | — | NOTHING FOLLOWS — |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I CERTIFY THAT I HAVE RECEIVED AND HOLD MYSELF RESPONSIBLE FOR THE ARTICLES LISTED ABOVE.

| DATE 07·20·03 | TYPED NAME AND RANK J. REYES    DEPUTY | SIGNATURE Jesus Reyes |
|---|---|---|

## CHAIN OF CUSTODY

| ITEM NO. | DATE | RELINQUISHED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| 1 JR – 3 JR | 7-20-03 | SIGNATURE Jesus Reyes | SIGNATURE | EVIDENCE |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |
| | | SIGNATURE | SIGNATURE | |

SO69 Rev. 9/97  230-097

7-20-03    664-187 PC    Suspect Fernando PEREZ    Case #07699-03

**EXHIBIT A (PG. 2)**

# *****SUPPLEMENT*****

On 7-20-03 at 1727 hours, Deputy Schaefer and I responded to report of a man who had been shot. Castroville for a

_____ is a single-family residence on the south side of the street and is the second house on Cooper street west of Seymour Street. Deputy Reyes and paramedics were on scene with the victim, Mario Martinez. The victim was lying on the ground on the sidewalk leading up to the front door.

Deputy Reyes instructed me to secure the scene. I used crime scene tape to block off the crime scene.

The victim's car was at the end of the driveway closer to the street and pointed south. The driver's side rear window was broken with shattered glass both on the ground and in the back seat of the vehicle. I saw an empty bullet casing on the ground just forward of the rear left tire. There was another empty bullet casing on the floorboard in front of the left rear seat. I noticed several spots of what appeared to be blood on the ground near the front left of the car.

I took several photographs of the scene around and in the car. The photographs were entered as evidence in the Sheriff's Department evidence computer.

Martinez was transported by ambulance to Salinas Valley Memorial Hospital.

Deputy Schaefer and I drove to the hospital. We contacted Martinez who was in the emergency room lying on a bed with several monitors hooked up to him. Deputy Schaefer took Martinez's statement. See Schaefer's supplement.

The medical staff at the hospital advised me that Martinez had sustained a through and through gun shot wound to the back of his neck, and a gunshot wound to his left shoulder area with the bullet still in his shoulder. See medical report.

I collected Martinez's pants, socks, and belt as evidence and booked them into evidence at the Salinas Station of the Monterey County Sheriff's Department. I also collected his black wallet, California Driver's License, a ring of keys, and $4.82, and released these items with Martinez's permission, to his wife, Georgianna Martinez. See property receipt.

Deputy Schaefer called Sgt. DeFranco at the Monterey County Jail and requested a photographic line up be made including the suspect, Fernando Perez. Deputy Schaefer requested that Deputy Melton go to the jail and get the photograph line up and bring it to me at the hospital.

I read Martinez the photographic line up admonishment. He stated he understood the admonishment and pointed at the top middle photograph, a picture of the suspect, Perez Fernando. He initialed the picture of Fernando Perez.

The photographic line up was booked at the Salinas office of the Monterey County Sheriff's Department.

Case continued.

K. Owen   O1266        7-21-03 at 0120 hours

KO

07-20-03          664/187 PC          V-MARTINEZ, MARIO          CASE #07699-03

EXHIBIT A (PG 3)

## SUPPLEMENT REPORT

On 07-20-03 I was assigned 3rd Watch Patrol Supervisor at the Central Office of the Monterey County Sheriff's Office. At 1727 hrs, deputies were dispatched to Castroville, in reference to a shooting victim. Deputy J. Reyes was first on scene followed by Deputies B. Hoskins, C. Rothwell, T. Schaefer and K. Owen. Refer to their respective Supplement Reports for additional information on this detail.

I responded from the Prunedale area and conducted an area check (with negative results) prior to ( meeting the other units who were already on scene.) Upon my arrival to the scene, North County Fire Personnel as well as AMR (ambulance) were treating the victim, identified as Mario Martinez. Crime scene tape had been placed to preserve the scene. After stabilizing Martinez, he was subsequently transported to Salinas Valley Memorial Hospital for further medical attention.

I surveyed the crime scene. Parked on the driveway and partially on the sidewalk was a tan 2002 Mitsubishi Lancer sedan, license          . The rear driver side passenger window was shattered and only a small portion of broken glass framed the window. The majority of the shards from the window were on the sidewalk and driveway, the apparent result of the gunfire.

On closer examination of the broken glass, I saw a spent 9mm casing standing on its base near the left rear tire of the vehicle. A second casing was later found on the rear driver's side passenger floorboard. These two casings were later collected and submitted into evidence at the Monterey County Sheriff's Office – Central Station.

Due to the severity of the crime, the Investigations Division was notified and was subsequently dispatched to the scene.

Nothing further from this deputy.

Case continues with Dep. Reyes.

cc: Deputy J. Reyes

M. LUZ          L3391          07-20-03     2245 HRS          MAL          07-20-03

EXHIBIT  A pg. 24

| Crime 664/187 PC | | Case # 07699-03 |
|---|---|---|
| Victim(s)/Reporting Party V: MARTINEZ, Mario | | Date 07-20-03 |

At approximately 2015 hours, RN Ellen THORP provided me with a SVMH Request for Medical Record Access form. She assisted us with explaining the form to Mario and I explained we were requesting access to his medical treatment records for this incident for the investigation. Mario said he would give consent to the release of his medical records for this treatment and signed the form. THORP signed the form as a witness and felt Mario was capable of giving such consent. The original document was placed into Mario's medical chart. Refer to the attached document copy.

At approximately 2035 hours, the photo line-up arrived at the hospital. With myself and Dep. SCHAEFFER present, Dep. OWEN gave the Photographic Show-Up Admonition to Mario and presented him with a photo line-up of six photos to include a photo of **Butter** in position #2. (*Butter had been identified through booking records as **Fernando PEREZ** from Castroville). Within approximately 1 minute Mario pointed to the photo in position #2 and said that was Butter, the man who had shot him. Dep. OWEN had Mario initial the photo he identified. Refer to Dep. OWEN's report for complete details.

At approximately 2150 hours, attending ER physician Stephen SCHERR attempted to recover the bullet still lodged inside Mario's left back. Dr. SCHERR explained to me that the CAT Scan showed the bullet was near the surface, on top of the left scapula. It had not penetrated the bone, but was probably beneath a thick layer of muscle and may not be able to be recovered. The position of the bullet did not pose any health risk and if the bullet could not be recovered with simple probing there would be no necessity to remove it surgically. The bullet was considered to be a sterile substance and could be left inside the body at its present location with no risk to Mario. The bullet may or may not in the next several years work its way to the surface and exit his body. Dr. SCHERR also explained to me that the bullet that had penetrated at Mario's neck had apparently entered from the left side, ricocheted off the vertebrae in his neck, and exited the right side of his neck. Miraculously, Mario had only sustained soft tissue damage. He had only sustained sift tissue damage over his left scapula as well. Mario would be treated and released this evening.

Dr. SCHERR was unable to recover the bullet and the bullet was left inside the muscle tissue. Dr. SCHERR informed me Mario's treatment would consist of suturing the wounds, treating him with a course of antibiotics and follow-up care with his own primary care physician. Dr. SCHERR expected there to be approximately 3 sutures required to close the wound on the left scapula, 3-4 sutures to close the exit wound on the neck, and 3 sutures to close the entry wound on the neck. It would of course be a few days before the medical file would be completed for release.

Upon exiting the hospital I met with Mario's mother-in-law Delia CASTILLO. CASTILLO said that Mario and Georgiana would be staying with her for a few days while he recuperated and gave me her address and telephone number in Castroville. Additionally, there were concerns of retaliation and harassment of Georgiana while she was at work at the Moss Landing Beacon Station and I told CASTILLO I would arrange for close patrols of her house and Georgiana's work for the next few weeks.

| Prepared by S. DeAngelo | ID No. D1815 | Date/Time 07-22-03 0900 hrs. | Supervisor | 5 |
|---|---|---|---|---|

# EXHIBIT

A pg. 5

000191

Head:  There is no headache.
Eyes:  There is no change in his vision or diplopia.
Nose:  There is no epistaxis or discharge.
Mouth:  There is no pharyngitis or hoarseness.
Respiratory:  There is no cough, dyspnea, change in the color of his sputum.
Neurologic:  No fainting, blackouts, seizures.
Musculoskeletal:  Other than his back pain from the bullet wound and neck pain from the bullet wound, no other joint pain, backache or muscle pain.
Cardiovascular:  No chest pain, tachycardia, palpitations.
Gastrointestinal:  No nausea, vomiting or diarrhea.
Genitourinary:  No frequent or painful urination.
Endocrine:  No thyroid or diabetes disorder.
Hematologic:  No anemia.
Psychological:  There is current depression, being treated on it.

PHYSICAL EXAMINATION:
Vital Signs:  Temperature 97.7, pulse 91, respirations 18, blood pressure 140/89, O2 saturation is 99% on room air.
General:  A well-developed, well-nourished Hispanic male, crying and moaning, he will not answer any of my questions other than to follow some commands.  He is in full C-spine precautions.  He is cleared off the board, left in a C-collar.
HEENT:  Scalp:  Normocephalic and atraumatic.  Neck:  There is a 1.5-cm entrance wound at the posterior aspect of his neck at about C5.  There is an exit wound with about a 2.0 to 2.5-cm jagged laceration on the left lateral posterior aspect of his neck.  There is another bullet wound to his left scapular area, measuring approximately 1.0 to 1.5 cm.  Nose:  There is no epistaxis or rhinorrhea.  Ears:  There is no hemotympanum, no otorrhea.
Mouth:  There is no teeth or tongue trauma.  There is no posterior pharynx blood.  Eyes:  The sclerae are clear.  PERRLA.  Extraocular movements are intact.  Funduscopic is normal.
Lungs:  Clear to auscultation with equal breath sounds bilaterally.
Heart:  Regular rate and rhythm without murmurs, rubs or gallops.
Abdomen:  Soft.  Nontender.  Nondistended.  No peritoneal signs.
Musculoskeletal:  He has full range of motion of all of his joints without pain.  Inspection and palpation over his distal extremities show there is no evidence of any other bullet wounds, fragments or tenderness to palpation.
Skin:  Other than the described gunshot wound, there are no other rashes, lesions or ulcers.
Neurologic:  Cranial nerves II through XII are intact.  Strength is

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SALINAS VALLEY MEMORIAL        PAT:  MARTINEZ,MARIO L
HEALTHCARE SYSTEM              MR#:  H0354387      ACCT#:  H10950569
450 E. Romie Lane             ADM:  07/20/03      LOC/RM:  ER
Salinas, CA 93901             ER MD: SCHERR, STEPHEN P., M.D.

*** EXTENDED EMERGENCY REPORT ***

# EXHIBIT

B

PG.1,2

Court Exhibit
#1
SSO32339

EXHIBIT B (PG 1)    000183

August 23-04

DEAR Judge Duffy—
I AM WRITING THIS
TO SAY = I could not
UNNDERSTAND THE Defendant she
KEEP moving Away From THE
microphone — THE young girl
spoke with HANDS in mouth —
THE Attorneys' spoke soft
At TIMES — young MAN also
SAID MOVED Around I Do not FEEL I
was D give A FAIR JusTice
not ABLE To Hear All
wHAT is SAID — I AM SO
SORRY  your Turly

Lauretta Shoffner

Also FEEL you sAould give
People wARNIng About tHE
STAIRS— I Alomst DIDntMAKE iT
s ARE VERY STEEp + STRAIght up —

| | | |
|---|---|---|
| 09:56:52 | 1 | appreciate your time that you spent here. |
| 09:56:54 | 2 | And I also want to say I agree with you that |
| 09:56:57 | 3 | those stairs are very steep and you should have been |
| 09:57:00 | 4 | told about the elevator. Did nobody mention the |
| 09:57:03 | 5 | elevator? |
| 09:57:03 | 6 | THE JUROR: We were down in the basement |
| 09:57:06 | 7 | THE COURT: Yeah. And the elevator. |
| 09:57:07 | 8 | THE JUROR: And they all went up the stairs. So |
| 09:57:10 | 9 | I figured I had to walk up the stairs, too. |
| 09:57:12 | 10 | THE COURT: I'm very sorry. I will mention that |
| 09:57:14 | 11 | to the jury commissioner. Because there's no reason to |
| 09:57:16 | 12 | take the stairs when you can take the elevator. |
| 09:57:19 | 13 | All right. I am going to excuse you. So thank |
| 09:57:23 | 14 | you very much. |
| 09:57:23 | 15 | THE JUROR: Well, I did tell you the first day. |
| 09:57:25 | 16 | THE COURT: Yes, you did mention it. |
| 09:57:32 | 17 | MR. HERRO: Would the Court care to admonish? |
| 09:57:34 | 18 | THE COURT: Yes. One more point, Mrs. Shaver. |
| 09:57:37 | 19 | When you leave the courtroom, you may see some of the |
| 09:57:39 | 20 | other jurors. Please don't tell them anything that we |
| 09:57:43 | 21 | discussed. |
| 09:57:43 | 22 | THE JUROR: No. |
| 09:57:44 | 23 | THE COURT: And don't discuss the case with them |
| 09:57:46 | 24 | on your way out. If you want to call in or if you want |
| 09:57:50 | 25 | us to call you, we can call you and tell you what the |
| 09:57:54 | 26 | verdict or outcome of the case was. Would you like us |
| 09:57:57 | 27 | to do that? |
| 09:57:57 | 28 | THE JUROR: It doesn't matter. I mean, I feel |



C pos 1,2

000184

Action No._____

EXHIBIT

EXHIBIT C

C pg. 1

Plaintiff:

Vs.

Defendant:

We, the jury, in the above entitled matter, request the following:

Transcript of the testimony of the second eye-witness
as to her identification of the person she saw.

_____
_____
_____
_____
_____
_____
_____
_____

Response:

_____
_____
_____
_____
_____

Date: _____, 20_____
Time: _____

_Peter Brewg_
Presiding Juror

Court Exhibit
#2
SS032339

CASE NO. SS032339 A        DATE: 08/24/2004      TIME: 09:00 AM      DEPT.: 2
PEOPLE VS. PEREZ, FERNANDO AVILA

ARGUMENT ON BEHALF OF DEFENDANT PRESENTED.

CLOSING ARGUMENT ON BEHALF OF THE PEOPLE PRESENTED.

THE COURT FULLY INSTRUCTS THE JURY AS TO THE LAW.

BAILIFF VICENT EARLAND IS DULY SWORN TO TAKE CHARGE OF
      THE JURY.

11:30 A.M. :  THE JURY RETIRES TO DELIBERATE UPON A
      VERDICT.

COUNSEL STIPULATE THAT THE COURT MAY EXCUSE THE JURY FOR
      LUNCH RECESS WITH THEM APPEARING. FURTHER STIPULATION
      THAT THE JURY MAY REASSEMBLE IN FRONT OF COURTROOM 2 AND
      REPORT TO THE BAILIFF TO BE RETURNED TO THE JURY ROOM
      AFTER LUNCH.

11:40 A.M., NOTE FROM JURY RECEIVED, MARKED AS COURT
      EXHIBIT #2, COUNSEL NOTIFIED TELEPHONICALLY. 

11:45 A.M., JURY IS EXCUSED FOR LUNCH RECESS, RETURN AT 
      1:30 P.M.

NOW, AT 1:30 P.M., ALL 12 JURORS ARE PRESENT PER BAILIFF
      EARLAND.

1:33 P.M. :  THE JURY RETIRES TO DELIBERATE FURTHER. 

NOW AT 1:50 P.M., COURT REPORTER ENTERS JURY ROOM AND
      READS BACK TESTIMONY REQUESTED BY THE JURY IN COURT
      EXHIBIT #2 AS STIPULATED BY COUNSEL EARLIER.

1:57 P.M., REPORTER EXITS JURY ROOM HAVING READ
      TESTIMONY REQUESTED.

NOW, AT 2:35 P.M.

CAUSE CALLED. APPEARANCES AS HERETOFORE STATED.
      DEFENDANT PRESENT WITH COUNSEL. JURY PRESENT AND SEATED
      IN JURY BOX.

2:36 P.M. :  JURY RETURNS WITH A VERDICT.

VERDICT IS READ.

                    MINUTE ORDER  M6                    PAGE    3



EXHIBIT

D pgs 1-4

EXHIBIT D pg 1

C J I S

CR-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

FRED HERRO ATTORNEY AT LAW
134 CENTRAL AVENUE
SALINAS, CA 93901
TELEPHONE NO.: (831) 753-0992   FAX NO.: (831) 753-0992
ATTORNEY FOR (Name): FERNANDO AVILA PEREZ JR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF sacramento

PEOPLE OF THE STATE OF CALIFORNIA
vs.
DEFENDANT: FERNANDO A PEREZ JR
Date of birth: 7-4-73   California Dept. of Corrections No. (if applicable): 0308388 #   MONTEREY COUNTY JAIL NUMBER

**FILED**

SEP - 9 2004

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
L. Morris DEPUTY
L MORRIS

| NOTICE OF APPEAL—FELONY (DEFENDANT) (Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d)) | CASE NUMBER(S): SS MS032339 |
|---|---|

**NOTICE**

- If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
- You must file this form in the superior court within 60 days after entry of judgment.

Defendant (name): FERNANDO A. PEREZ JR   8-24-04   Found Guilty
appeals from the order or judgment entered on (specify date of order, judgment, or sentence):

1. This appeal follows:

   a. [X] A jury or court trial. (Pen. Code, § 1237(a).)

   b. [ ] A contested violation of probation. (Pen. Code, § 1237(b).)

   c. [ ] A guilty (or no-contest) plea or an admitted probation violation (check all boxes that apply):

      (1) [ ] This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) [ ] This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) [ ] This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. [ ] Other (specify): I WAS FOUND GUILTY ON 8.24.04 BY A JURY BUT I DONT GET SENTENCED TILL 9-29-04

3. [X] I request that the court appoint an attorney on appeal. Defendant [X] was [ ] was not represented by an appointed attorney in the superior court.

4. Defendant's address: [X] same as in attorney box above.
   [ ] as follows:
   MONTEREY COUNTY JAIL + FERNANDO PEREZ #0308388
   P.O. BOX 809 SALINAS, CA 93902

Date:

FERNANDO A. PEREZ JR   ▶ Fernando Perez
(TYPE OR PRINT NAME)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

(A Request for Certificate of Probable Cause is on the other side)

Form Approved for Optional Use
Judicial Council of California
CR-120 [New July 1, 1999]   **NOTICE OF APPEAL—FELONY (DEFENDANT)** (Criminal)   WEST GROUP Official Publisher   Penal Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d)

*Left margin:* Case number amended on 1-1-0? , Deputy.
By L Morris     L. MORRIS

**FILED**

SEP 1 3 2004

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA,

                    Plaintiff/Respondent,

vs,

FERNANDO AVILA PEREZ,

                    Defendant/Appellant.

CASE NO. SS032339

NOTICE PURSUANT TO
RULE 30.1(b), CALIFORNIA
RULES OF COURT



To the Defendant in the above-entitled action:

   You are hereby notified that your Notice of Appeal filed September 9, 2004 is premature. The notice of appeal filed before the judgment is rendered or the order is made is premature pursuant to California Rules of Court, Rule 30.1(b).

Dated:  September 13, 2004

LISA M. GALDOS,
Clerk of the Superior Court

_E. Chan_
E. Chan,                              Deputy







CERTIFICATE OF MAILING:  I do hereby certify that I am not a party to the within stated cause and that on I deposited true and correct copies of the above-entitled documents in sealed envelopes with postage thereon fully prepaid, in the mail at Superior Court, Salinas, California, directed to each of the following named persons at their respective addresses, as hereinafter set forth:

FERNANDO A. PEREZ #0308388 / J-Pod 106
MONTEREY COUNTY CORRECTION BUREAU
P.O. Box 809
Salinas, CA 93902

COURT OF APPEAL
Sixth Appellant District
333 W. Santa Clara St., Ste. 1060
San Jose CA 95113

ATT MS KAREN W. RILEY

Dated:  September 13, 2004

LISA M. GALDOS,
Clerk of the Superior Court

_E. Chan_
E. Chan,                              Deputy

EXHIBIT D pg3

1  department and collected by the Department of

2  Corrections.  The restitution will include the cost of

3  any medical treatment, future medical bills as to the

4  injuries sustained by the victim, lost wages as a result

5  of his injuries, cost of replacement of any clothing or

6  personal items.  Also the restitution should include the

7  cost of counseling for the daughter of the victim.

8        Further the defendant is to pay immediate

9  restitution to the Victims of Crime, Compensation and

10  Government Claims in the sum of $1,586.00.

11       The defendant is ordered to provide the samples

12  required pursuant to law.

13       Any weapon that was confiscated will be destroyed

14  according to law.

15       Sir, you are remanded at this time back into the

16  custody of the Sheriff for delivery to the Department of

17  Corrections.

18       I may have neglected to state the credits, 473

19  actual; 70 conduct time for a total of 543 days credit.

20       Anything further, counsel?  All right, thank you.

21       MR. HERRO:  Court hasn't informed the appellate

22  rights.  I have in fact a Notice of Appeal that I've

23  prepared for him.  He's executed today.

24       THE COURT:  Actually there was a Notice of

25  Appeal filed prematurely nonetheless.

26       MR. HERRO:  It was filed by whom?

27       THE COURT:  By Mr. Perez.

28       MR. HERRO:  Oh, and noted premature by the Court

EXHIBIT D Pg. 4

EXHIBIT

1    of Appeals.  I didn't realize he had done that on his

2    own.  He executed one as to today.

3        THE COURT:  It appears that the Court of Appeals

4    appointed the Sixth District Appellate program to

5    ~~represent him.~~

6        MR. LABARBERA:  They've already been appointed?

7        THE COURT:  Yes, despite the finding that the

8    filing of the appeal was premature.

9        MR. HERRO:  File the one he executed today.

10        THE COURT:  All right.

11        MR. HERRO:  There are remaining cases.  I

12    believe the People have a motion.

13        THE COURT:  We don't have the other matters on

14    calendar this morning.

15        MR. LABARBERA:  Probation is terminated if he's

16    on probation.

17        THE COURT:  The other matters were not

18    calendared.

19        MR. LABARBERA:  Then we had that one fight at

20    the jail.

21        THE COURT:  Was that --

22        MR. LABARBERA:  I was going to make a motion to

23    dismiss.

24        THE COURT:  Why don't you simply submit that

25    motion in writing and the Court will rule.

26        MR. HERRO:  All right.

27

28



FERNANDO A. PEREZ JR. # V-63964
H.D.S.P. C-7 #129
P.O. BOX 3030
SUSANVILLE, CA 96127

LEGAL MAIL

STATE PRISON

C-7

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102

RECEIVED
JUL 14 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL.

SEE OTHERSIDE

C Jahn — 6/25/08

LEGAL MAIL