Fernando A. Perez Jr.
CDC # V-63964
P.O. Box 3030
Susanville, Ca. 96127

FILED
JUL 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ JR.
    PETITIONER,

C-08-3426-CW

V.

D.L. RUNNELS WARDEN (a),
    RESPONDENT.

    Petitioner, Fernando A. Perez Jr., respectfully applies to this honorable court for appointment of counsel to represent him in all proceedings arising from the filing of this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. section 2254. Petitioner makes this application pursuant to the provisions of 18 U.S.C. section 3006 (a) (2) (b). This application is based on the accompanying memorandum of points and authorities.

Wherefore, petitioner respectfully requests that his application for appointment of counsel be granted by this court.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF APPLICATION FOR APPOINTMENT OF COUNSEL

Under the provision of 18 U.S.C. section 3006 (a) (2) (b) counsel may be appointed in federal court to represent indigent criminal defendants. Specifically, whenever "The United States Magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who...is seeking relief under section... 2254...of title 28." 18 U.S.C. 3006 (a) (2) (b) further states: "The legislative history of 18 U.S.C. 3006 (a) (2) (b) calls for a liberal and flexible construction of the 'interest of justice', language contained in the section and places limitations, enforceable on appeal, on the district court's discretion to deny counsel. [footnote omitted]." J. Liebhan, Federal Habeas Corpus practice and procedure, section 12.3 at 169 (1988). Cosequently the courts endorsed the appointment of counsel to represent indigent defendants seeking federal habeas corpus relief when the claims raised are not frivolous and when, under the particular circumstances of the case, appointment of counsel would benefit the petitioner and aid the court such that the interest of justice are served. See, e.g. Battle V. Armontrout (8th Cir. 1990) 902 F.2d 701, 702. Similarly, in exercising its discretion the court should consider a number of factors including, 1) The legal complexity of the case, 2) The factual complexity of the case, 3) The petitioner's ability to investigate and present his claims, and 4) any other relevant factors. Johnson V. Williams, (8th Cir. 1986) 788 F.2d 1339, 1322-1323.

Finally, if the district court concludes that an evidentiary hearing is appropriate the interest of justice requires the appointment of counsel for an indigent petitioner, Abdullah V. Norris, (8th Cir. 1994) 18 F.3d 571, 573.

## DECLARATION FOR COUNSEL

Petioner, Fernando A. Perez Jr., declares that he is indigent and unable to pay the fees to obtain counsel to represent petitioner in his current legal matter before this court.

Petitioner further declares that in the interest of the courts he should be provided with counsel. As the court may see petitioner's writ contains many complex issues. Issues that petitioner is uneducated in. Petitioner also is unable to attend the facility law library in order to conduct legal research that is needed in order to comply with the court's rules.

Wherefore, petitioner respectfully requests that this application for appointment of counsel be granted by this court.

DATE June 25, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

_____
Petitioner, Fernando A. Perez Jr.
In Pro Se