IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO AVILA PEREZ, JR.,<br><br>        Petitioner,<br><br>  v.<br><br>D.L. RUNNELS, WARDEN,<br><br>        Respondent.<br>_____ | No. C 08-3426 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS PETITION AS<br>UNTIMELY<br><br>(Docket no. 11) |

INTRODUCTION

    Petitioner Fernando Avila Perez, Jr., a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated December 30, 2008, the Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the present petition as untimely under 28 U.S.C. § 2244 (d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition, and Respondent filed a reply. For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

PROCEDURAL BACKGROUND

    On November 5, 2004, the trial court sentenced Petitioner to thirty-nine years to life for attempted premeditated murder and a related firearm offense. (Pet. at 2.) On November 15, 2004, Petitioner appealed his conviction, and "[t]he sole issue on appeal [was] whether the trial court erred in imposing and staying execution of the weapons enhancements" under various state sentencing statutes. (Resp't Ex. 2.) The California Court of Appeal found no error and affirmed Petitioner's conviction on

September 19, 2005. (Id.) On October 26, 2005, Petitioner filed a petition for review in the California Supreme Court, which was denied on November 30, 2005. (Resp't Ex. 3.)

On December 16, 2005, Petitioner received a letter from his appellate attorney, Jonathan Grossman, which stated: "You asked if you can argue in federal court the issues that I raised on appeal. You cannot because I did not raise a federal issue. The interpretation of state statutes is an issue of state law." (Opp'n Ex. B.) Attached to the letter was a blank state habeas corpus form for Petitioner to pursue collateral relief in state court. (Id.)

On May 10, 2006, Petitioner filed a state habeas petition in the Monterey County Superior Court. (Resp't Ex. 4.) He pursued four claims on collateral review, which were not raised on direct review. (Resp't Ex. 5.) On October 6, 2006, the superior court denied the petition in a reasoned opinion. (Id.)

On November 20, 2006, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on December 8, 2006. (Resp't Ex. 6.) On June 27, 2007, collateral review ended when the California Supreme Court summarily denied his state habeas petition. (Resp't Ex. 7.) On June 25, 2008, Petitioner filed the present federal petition.[1]

---

[1] A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). June 25, 2008 is the date the present petition was signed and the earliest date that the petition could have been delivered to prison

2

DISCUSSION

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on November 30, 2005. (Resp't Ex. 3.) The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on February 28, 2006. See id. Accordingly, Petitioner was required to file a federal habeas corpus petition no later than February 28, 2007. See 28 U.S.C. § 2244(d). Because Petitioner did not file the present petition until June 25, 2008 -- more than a year after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to tolling.

I.  Statutory Tolling

AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey, 536 U.S. at 223. In California, where prisoners generally use the State's original writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.

In the present case, before Petitioner began to pursue collateral relief on May 10, 2006, the limitations period had run for seventy-one days.  Petitioner is entitled to statutory tolling of the limitations period until collateral review ended on June 27, 2007, when the California Supreme Court denied his state habeas petition.  Thereafter, Petitioner had only 294 days (365 days minus 71 days), or until April 17, 2008, to file his federal habeas petition.  Because Petitioner filed his federal habeas petition on June 25, 2008 -- seventy days after the statute of limitations had expired -- his petition is untimely unless he is entitled to equitable tolling.

II.  Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court

4

(Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be

5

resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

In the present case, Petitioner alleges that his ignorance of the law entitles him to equitable tolling because he mistakenly believed that the limitations period ended "one year from the date State Supreme Court became final on June 27, 2007." (Opp'n at 2.) In his opposition, he states:

> Petitioner agrees he had one year from the date his state judgment became final by the conclusion of direct review to file a habeas petition in federal court. However Petitioners [sic] appeal attorney informed him he could not argue in federal court the issues raised on appeal because he did not raise a federal issue.

(Id.) Petitioner incorrectly assumed that because he could not raise in federal court the sentencing claim which was the only claim he raised on direct review, the limitations period started to run after collateral review ended. Thus he claims he timely filed the present petition on June 25, 2008, because it was filed within a year after collateral review ended on June 27, 2007. However, Petitioner's argument for equitable tolling is unavailing because it was his ignorance of the law that prevented timely filing. Ignorance of the law and lack of legal experience typically do not excuse untimely filing, even for a pro se incarcerated prisoner. Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner also argues that he is entitled to equitable tolling due to lack of access to the prison law library. (Opp'n

6

at 2.)  However, he fails to state sufficient facts to justify equitable tolling on this basis.  He claims that the prison was on lockdown status from June 27, 2007 through June 25, 2008.  (Id.) However, Petitioner does not establish a connection between his lack of access to the prison law library and his inability to file a timely federal petition.  The claims raised in the present petition are identical to those raised in the state court petition; therefore, a timely federal habeas petition would not have differed much from his state habeas petition.  (Pet. at 1-7; Resp't Ex. 4.)  Moreover, "ordinary prison limitations on . . . access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to file on time. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Therefore, Petitioner's allegations do not constitute an "extraordinary circumstance" meriting equitable tolling.  See Beeler, 128 F.3d at 1289.

Lastly, Petitioner claims he is "entitled to equitable tolling and have his habeas petition heard on the merits [sic] and determine the facts at an evidentiary hearing."  (Opp'n at 2.) He claims that:

> after his state review he received his record on appeal and during the time his habeas petition was in Monterey County Superior Court [he] discovered additional facts relevant to his first claim (See Exhibit C) that he attached to his habeas petition when forwarding it up the ladder to the court of appeals, so as to further support his claim.  During the course of Petitioners [sic] conviction, appeals and collateral review the facts were overlooked and/or suppressed.

(Id.)  Petitioner seems to be asking that his claims be heard on grounds that they may be meritorious; however, the presentation of allegedly meritorious claims does not excuse his untimely filing.

7

Therefore, Petitioner fails to establish that he is entitled to equitable tolling on this basis.

In sum, the limitations period ran for seventy-one days from February 28, 2006 until May 10, 2006, the date on which Petitioner began to pursue collateral relief. Petitioner is entitled to statutory tolling of the entire period that he was pursuing collateral relief. The limitations period started to run again on June 27, 2007, when collateral review ended. Petitioner had a total of 294 days (365 days minus 71 days) remaining to file the his federal petition. The limitations period expired on April 17, 2008. The present petition is untimely because it was filed on June 25, 2008, seventy days after the limitations period expired. Petitioner is not entitled to equitable tolling because his ignorance of the law, lack of access to the prison law library, and presentation of allegedly meritorious claims do not constitute extraordinary circumstances beyond his control making it impossible to file his federal petition on time. Therefore, the Court GRANTS Respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition as untimely; the petition is hereby DISMISSED with prejudice. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

This Order terminates Docket no. 11.

IT IS SO ORDERED.

DATED: 3/8/10

_____
CLAUDIA WILKEN
United States District Judge

8

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FERNANDO AVILA PEREZ JR,

    Plaintiff,

v.

D.L. RUNNELS et al,

    Defendant.
_____/

Case Number: CV08-03426 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fernando Avila Perez V-63964
Unit #172
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: March 8, 2010

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk

9